UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TAMMY FARIAS<br>*Plaintiff.*<br>v.<br><br>ALLY FINANCIAL, INC.<br>*Defendant.* | CIVIL ACTION NO.<br><br>4-15CV-956-O<br><br>TRIAL BY JURY DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Tammy Farias, complains of Ally Financial, Inc. Defendant, and for cause of action would respectfully show as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual, Plaintiff Tammy Farias against Defendant Ally Financial, Inc. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii).

2. Plaintiff contends that the Defendant has violated such laws by calling Plaintiffs cellular telephone using an automatic telephone dialing system as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1) without express consent to do so.

3. Defendant was verbally informed six (6) separate times to stop calling, but ignored Plaintiff's requests and continued to call her cellular telephone. Defendant was also notified via a written communication to stop calling and continued to place an additional eighteen (18) calls to her cellular telephone.

4. Plaintiff contends that the Defendant has acted voluntarily, intentionally and under its own free will and knew or should have known that Defendant was engaged in acts that constitute violations of the several statutes.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3).

6. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state.

7. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3).

8. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

9. The Plaintiff in this lawsuit is Tammy Farias (Ms. Farias), a natural person and a citizen of Tarrant County, Texas.

10. Defendant in this lawsuit is Ally Financial, Inc. (herein after "Ally Financial") a company with principal office at 200 Renaissance Center, Detroit, MI 48243.

11. Ally Financial may be served with process by serving: C T Corporation System, 1999 Bryan St., STE 900, Dallas, TX 75201.

## **FACTUAL ALLEGATIONS**

12. The telephone number (817) 879-1921 is assigned to a cellular telephone belonging to Ms. Farias.

13. Ally Financial called the cellular telephone number (817) 879-1921 on the following dates and times:

1. August 13, 2015 at 01:40 p.m.
2. August 13, 2015 at 07:07 p.m.
3. August 14, 2015 at 08:14 a.m.
4. August 14, 2015 at 03:22 p.m.
5. August 14, 2015 at 05:34 p.m.
6. August 15, 2015 at 08:17 a.m.
7. August 15, 2015 at 11:11 a.m.
8. August 17, 2015 at 03:07 p.m.
9. August 18, 2015 at 08:54 a.m.
10. August 18, 2015 at 08:06 p.m.
11. August 19, 2015 at 08:25 a.m.
12. August 19, 2015 at 08:09 p.m.
13. August 20, 2015 at 08:16 a.m.
14. August 20, 2015 at 08:02 p.m.
15. August 21, 2015 at 08:09 a.m.
16. August 21, 2015 at 11:57 a.m.
17. August 22, 2015 at 08:39 a.m.
18. August 24, 2015 at 08:55 a.m.
19. August 25, 2015 at 08:14 a.m.
20. August 2 6, 2015 at 08:08 a.m.
21. August 26, 2015 at 02:55 p.m.
22. August 27, 2015 at 08:13 a.m.
23. August 27, 2015 at 02:13 p.m.
24. August 28, 2015 at 08:38 a.m.
25. August 28, 2015 at 11:27 a.m.
26. August 29, 2015 at 09:40 a.m.
27. August 31, 2015 at 08:15 a.m.
28. August 31, 2015 at 10:47 a.m.
29. September 01, 2015 at 11:10 a.m.
30. September 02, 2015 at 11:52 a.m.
31. September 03, 2015 at 01:51 p.m.
32. September 04, 2015 at 09:36 a.m.
33. September 04, 2015 at 12:04 p.m.
34. September 04, 2015 at 01:51 p.m.
35. September 06, 2015 at 10:16 a.m.
36. September 06, 2015 at 03:33 p.m.
37. September 07, 2015 at 10:11 a.m.
38. September 07, 2015 at 03:47 p.m.
39. September 08, 2015 at 11:51 a.m.
40. September 09, 2015 at 08:20 a.m.
41. September 10, 2015 at 08:21 a.m.
42. September 11, 2015 at 08:16 a.m.
43. September 12, 2015 at 08:20 a.m.
44. September 13, 2015 at 04:50 p.m.
45. September 14, 2015 at 08:21 a.m.
46. September 15, 2015 at 11:43 a.m.
47. September 16, 2015 at 08:12 a.m.
48. September 17, 2015 at 08:21 a.m.
49. September 18, 2015 at 08:14 a.m.
50. September 19, 2015 at 08:28 a.m.
51. September 20, 2015 at 06:19 p.m.
52. September 20, 2015 at 04:38 p.m.
53. September 21, 2015 at 08:16 a.m.
54. September 22, 2015 at 11:54 a.m.
55. September 23, 2015 at 08:10 a.m.
56. September 24, 2015 at 08:14 a.m.
57. September 26, 2015 at 08:18 a.m.
58. September 26, 2015 at 08:51 a.m.
59. September 26, 2015 at 09:21 a.m.
60. September 27, 2015 at 09:26 a.m.
61. September 27, 2015 at 03:41 p.m.
62. September 28, 2015 at 08:15 a.m.
63. September 29, 2015 at 11:59 a.m.

14. Ally Financial was verbally informed to stop calling on the following dates and times:
    1. August 13, 2015 at 01:40 p.m.
    2. August 14, 2015 at 03:22 p.m.
    3. August 14, 2015 at 05:34 p.m.
    4. August 15, 2015 at 11:11 a.m.
    5. August 15, 2015 at 11:40 a.m.
    6. September 18, 2015 at 8:28 a.m.

15. The telephone numbers (855) 870-7128, (888) 925-2559, (888) 213-4985, (904) 290-7221, (866) 443-3114, and (877) 341-7555 are assigned to Ally Financial.

16. Each time Ms. Farias answered the telephone calls, there was a noticeable period of silence before a representative came on the line.

17. On October 01, 2015 at 11:09 a.m., Ms. Farias received a phone call from (316) 652-6389 and spoke with a representative by the name of Andrea from Ally Financial. In the telephone conversation, the representative informed Ms. Farias that calls were placed and that a type of automated telephone dialing system was being used. Specifically, a type of predictive dialer is used. The representative confirmed that there is a pause before a representative comes on the line.

18. Ally Financial placed a total of sixty-three (63) calls that Ms. Farias has documented and is aware of. Sixty-two (62) of the calls placed by Ally Financial occurred after being verbally informed to stop calling.

19. Ally Financial placed a total of eighteen (18) calls after receiving a written communication that no express consent was given to contact Ms. Farias cellular phone.

20. Ally Financial used an automatic telephone dialing system to dial Ms. Farias wireless cellular phone as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1).

21. Ally Financial called Ms. Farias cellular telephone number for a non-emergency purpose.

22. Ms. Farias has never had a prior established relationship with Ally Financial and has never given any express permission to contact her cellular telephone number.

23. Ms. Farias attempted to mitigate damages in this matter with Ally Financial before commencing legal action and Ally Financial failed to respond.

24. The acts alleged herein all took place in Tarrant County, Texas in that the communications were received there.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT ALLY FINANCIAL, INC.

25. Ms. Farias alleges and incorporates the information in paragraphs 1 through 24.

26. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

   (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

   (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

   (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

27. In each telephone communication referenced in ¶13, Ally Financial has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using an automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Ms. Farias cellular telephone number (817) 879-1921, which is

assigned to a cellular telephone service *with no prior express consent* and for *no emergency purpose.*

28. In each telephone communication referenced in ¶13, Ally Financial has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Ms. Farias number (817) 879-1921, which is *assigned to a cellular telephone service.*

**WHEREFORE**, Ms. Farias prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Ms. Farias statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Ms. Farias statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Ms. Farias is entitled to and hereby demands trial by jury.

Dated: December 17, 2015

Respectfully Submitted,

*Tammy Farias* (signature)
Tammy Farias
1413 Clinton Ave.
Fort Worth, TX 76164
(817) 658-5353
tammyfarias@yahoo.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tammy Farias

**(b)** County of Residence of First Listed Plaintiff: **Tarrant**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Ally Financial, Inc.

County of Residence of First Listed Defendant: **Wayne**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☒ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. §227(b)(1)(A)(iii)

Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 12/17/2015
SIGNATURE OF ATTORNEY OF RECORD: *Tammy Farias*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____